$400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Keisha Nicholson, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff, | C.A. No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
|    -v.-<br>Merchants Credit Guide Co., and<br>John Does 1-25,<br><br>                              Defendants. | |

Plaintiff Keisha Nicholson (hereinafter, "Plaintiff" or "Nicholson"), a Pennsylvania resident, brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., against Defendant Merchants Credit Guide Co. (hereinafter "Defendant" or "Merchants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws...[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, as well as  15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.      Plaintiff is a resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing at 5916 Spruce Street, Philadelphia, PA 19139.

2

8.     Defendant Merchants Credit Guide Co. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 223 W. Jackson Blvd, #700, Chicago, IL 60606.

9.     Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

    a.  all individuals with addresses in the Commonwealth of Pennsylvania;

    b.  to whom Merchants' Credit Guide Co. sent a collection letter attempting to collect a consumer debt;

    c.  regarding collection of a debt;

    d.  that failed to properly identify and name the current creditor to whom the debt was allegedly owed;

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

3

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

17.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

4

b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e and §1692f and § 1692g.

c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.  **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to June 5, 2017, an obligation was allegedly incurred to Montgomery Ward.

23.     The Montgomery Ward obligation arose out of a transaction involving a debt incurred by Plaintiff in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.     The alleged Montgomery Ward obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Montgomery Ward is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.     Montgomery Ward contracted the Defendant to collect the alleged debt.

27.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

6

*Violation I – June 5, 2017 Collection Letter*

28.     On or about June 5, 2017, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Montgomery Ward.  **See June 5, 2017 Collection Letter – Attached hereto as Exhibit A.**

29.     This letter did not contain all the requirements of the ''G Notice.'' Specifically, this letter deceptively fails to identify who the original or current creditor is to whom the alleged debt is owed.

30.     The letter lists Montgomery Ward as "Our Client" but nowhere does the letter clearly identify who the current creditor is as is required by the FDCPA.

31.     It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

32.     Mere illusions are not enough, but the letter must specifically and clearly state who the creditor is.

33.     Defendant has failed to provide the consumer with a proper initial communication letter by failing to clearly identify the original and current creditors of the debt.

34.     Plaintiff has sustained an informational injury because, without knowledge of who seeks to collect a debt from her, she is unable to ascertain whether or not she owes the debt.

35.     As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39.     Defendant violated said section by:

        a.   Making a false and misleading representation in violation of §1692e(10).

40.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

41.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

43.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

44.     Defendant violated this section by unfairly failing to advise Plaintiff as to the identity of the current creditor who was attempting to collect a debt from her.

45.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

8

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

46.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

48.     Pursuant to 15 U.S.C. §1692g, a debt collector must notify the consumer of the name of the creditor to whom the debt is owed. §1692g(a)(2).

49.     This notice must be clearly conveyed so that the consumer is clearly advised as to whom the alleged debt is owed.

50.     Defendant violated this section by unfairly failing to advise Plaintiff as to the identity of the current creditor who was attempting to collect a debt from her.

### DEMAND FOR TRIAL BY JURY

51.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Keisha Nicholson, individually and on behalf of all others similarly situated demands judgment from Defendant Merchants Credit Guide Co., as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

9

4.       Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.       Awarding pre-judgment interest and post-judgment interest; and

6.       Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  February 14, 2018

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

Antranig Garibian, Esq.
PA Bar No. 94538
1800 JFL Blvd., Suite 300
Philadelphia, PA 19103
ag@garibianlaw.com
*Attorneys For Plaintiff, Keisha Nicholson*

10

# EXHIBIT A

